```
     IN THE UNITED STATES DISTRICT COURT
   FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT BECKLEY
```

**CORNELIUS LEWIS,**

    **Plaintiff,**

**v.**                                    **CIVIL ACTION NO. 5:04-1261**

**CHARTER COMMUNICATIONS VI LLC,**

    **Defendant.**

## MEMORANDUM ORDER AND OPINION

This case was filed by plaintiff in state court as, primarily, a worker's compensation discriminatory firing action. Defendant removed to federal court on the grounds that federal question jurisdiction was present, and moved to dismiss the putative federal claims. Plaintiff then filed an untimely motion to remand and a motion for leave to amend his complaint. This court denies plaintiff's "Motion to Remand" (Doc. 18) in part and grants it in part, denies defendant's "Partial Motion to Dismiss (Doc. 5), dismisses plaintiff's federal claims, and denies his "Motion for Leave to Amend" (Doc. 17) as moot. Case remanded.

### Factual and Procedural Background

Cornelius Lewis (hereinafter "plaintiff") filed this action in state court on April 13, 2004. Plaintiff's current complaint alleges that Charter Communications (hereinafter "Charter") terminated his employment as a cable installer while he was in

the process of seeking worker's compensation benefits. According to the complaint, plaintiff began working for Charter in December of 2001, and suffered a disabling injury on March 26, 2002. Plaintiff filed for worker's compensation, and was terminated from his job for failure to return to work on July 17, 2002. (Complaint, attached to notice of removal (Document No. 1), ¶¶ 5-8). The complaint expressly asserts that by this firing, Charter (1) committed negligence, (2) violated W. Va. Code § 23-5A-2, which prohibits employers from terminating medical insurance coverage for an employee who is seeking or receiving worker's compensation, (3) violated W. Va. Code § 23-5A-3(a), which prohibits an employer from firing an employee who is receiving worker's compensation benefits without otherwise good cause (4) unlawfully failed to reinstate plaintiff to his pre-injury job, which, if true, would constitute a violation of W. Va. Code § 23-5A-3(b), and (5) violated the West Virginia Code as it relates to "the unlawful termination of an employee" generally, which the court takes to allege a violation of W. Va. Code § 23-5A-1. (Compl. ¶¶ 10-12.) The complaint also states that, after his injury and without his request, Charter designated his period of absence as a medical leave period under the federal Family and Medical Leave Act ("FMLA").[1] (Compl.

---

[1] It appears that Charter terminated plaintiff after his 12 weeks of FMLA leave ran out and he would or could not return to work.

¶ 9).  Plaintiff demands $150,000 dollars for lost wages, $2,000,000 dollars for pain and suffering, reinstatement in his old job as a cable installer, reimbursement of his medical expenses, attorney's fees, court costs and restoration of his FMLA leave weeks.  (Compl. ¶ 1-6 (in prayer for relief section)).

Due to some procedural anomalies of no current concern, Charter Communications (hereinafter "Charter") was not served for the purposes of federal removal law until October 28, 2004.  On November 29, Charter removed this case to federal court, asserting that the complaint contains federal claims.  Charter then filed an answer to the complaint and a partial motion to dismiss plaintiff's negligence and § 23-5A-2 claims.  Plaintiff, apparently in the process of changing counsel, did not file a motion to remand until March 2, 2005, more than three months after removal.  On that same date, plaintiff also filed a motion to amend his original complaint that would discard all of his claims except for his general § 23-5A-1 count of discriminatory firing.  All responsive briefs have been filed, and the court has reviewed the parties' submissions and the applicable law.[2]  It is now ready to decide the issues at bar.

---

[2] Charter has filed a "Surreply Memorandum to Plaintiff's Untimely Motion to Remand" (Doc. 24).  Although surreplies are not expressly authorized by this court's rules, and are thus generally disfavored, the court has given it consideration because plaintiff's reply (Doc. 22) raised new areas of dispute and Charter's surreply was timely filed.

**Background on Applicable Law**

<u>Standards for the Removal of Civil Actions</u>

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. A removing defendant bears the burden of demonstrating that the federal district court has jurisdiction. <u>Mulcahey v. Columbia Organic Chems. Co.</u>, 29 F.3d 148, 151 (4th Cir. 1994). Federal courts must resolve any doubt about the propriety of removal in favor of remanding to state court. <u>Id.</u>

Our circuit has recently described the three general grounds upon which a defendant can sustain removal of a claim to federal court: (1) if diversity of citizenship exists between the opposing sides within the meaning of 28 U.S.C. § 1332, and the amount in controversy exceeds the § 1332 statutory minimum, (2) if the complaint asserts a federal claim, in line with the well-pleaded complaint rule, so as to trigger federal question jurisdiction under 28 U.S.C. § 1331, and (3) if the complaint contains a state law claim that is completely preempted by federal law, so that a federal court must also consider it as giving rise to federal question jurisdiction under § 1331. <u>Lontz v. Tharp</u>, 413 F.3d 435, 439-40 (4th Cir. 2005). If a district

court has jurisdiction over any claims in a case by one of these three methods, it generally may exercise supplemental jurisdiction over any other claims in the same case, including those which would not normally be removable if brought alone. See 28 U.S.C. § 1367(a) ("Except as provided in subsections (b) and (c) . . . in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims so related . . . that they form part of the same case or controversy under Article III of the United States Constitution."). With these standards in mind, the court turns to the instant case.

### Analysis

After considering the parties' filings and the applicable law, the court finds as follows: Plaintiff's current complaint does indeed trigger federal question jurisdiction; the complaint states a well-pleaded FMLA claim on its face and avers a state law claim that is completely preempted by the federal Employee Income Retirement Security Act of 1979. Thus, plaintiff's motion to remand is denied with respect to these federal claims. Plaintiff has clearly stated that he does not wish to pursue these FMLA and ERISA claims, and has asked for their dismissal. Charter agrees. In light of this, the court dismisses these claims with prejudice under Rule 41(b). Finally, the court concludes that plaintiff's remaining worker's compensation claims

are fundamentally a concern of state law, and that, in this case, there are no compelling grounds that justify hearing such claims in federal court.  Accordingly, the court will not exercise supplemental jurisdiction over plaintiff's remaining state law claims, and as to those claims, grants his motion to remand.  Plaintiff's motion for leave to amend his complaint is denied as moot.

## I. Federal Question Jurisdiction

If this court were to grant plaintiff's motion to remand all of the claims in his current complaint, this court would have neither jurisdiction nor need to decide any of the other motions in this case, and so its inquiry begins here.  Charter contends that the court has jurisdiction over this action because plaintiff's complaint contains claims that give rise to federal question jurisdiction.  The court agrees.

District courts have federal question jurisdiction over an action when at least one of a plaintiff's claims "aris[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  As the Fourth Circuit pointed out in Lontz, there are two routes that allow defendants to establish the existence of federal question jurisdiction in removal proceedings.  In most cases, removal is proper only if the well-pleaded complaint rule is satisfied.  Under this venerable rule, "federal jurisdiction exists only when a federal question is presented on the face of

the plaintiff's properly pleaded complaint." Caterpillar v. Williams, 482 U.S. 386, 392 (1987); See also Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908); Gully v. First Nat'l Bank, 299 U.S. 109, 112 (1936).  However, in some relatively rare instances, the complete preemption doctrine allows removal of a claim when the well-pleaded complaint rule would otherwise bar it.  Under the doctrine of complete preemption, "if the subject matter of a putative state claim has been totally subsumed by federal law–such that state law cannot even treat on the subject matter–then removal is appropriate." Lontz, 413 F.3d at 439-40; See also Aetna Health Inc. v. Davila, 542 U.S. 200, 124 S. Ct. 2488, 2495 (2004) ("There is an exception, however, to the well-pleaded complaint rule.  When a federal statute wholly displaces the state-law cause of action through complete preemption, the state claim can be removed.") (internal quotation marks and citation omitted).  Charter's notice of removal asserts that both of these grounds are present in the instant case.  More specifically, Charter contends that plaintiff's original complaint contains a federal FMLA claim that is well-pleaded on the face of the complaint, and a state law claim, plaintiff's W. Va. Code § 23-5A-2 denial of health benefits claim, that is completely preempted by federal ERISA law.  The court addresses these issues in turn.[3]

---

[3] Charter did not allege diversity jurisdiction in its removal notice.

### A. FMLA

The Family and Medical Leave Act of 1992, 29 U.S.C. § 2601 *et seq.*, generally requires that employers provide 12 weeks of unpaid leave per year that an employee can use, *inter alia*, for recuperating from a serious injury or illness. See 29 U.S.C. § 2612(a)(1) ("entitlement to leave"). The FMLA allows private enforcement of this right by creating a cause of action against employers who wrongfully deny employees FMLA benefits. See 29 U.S.C. § 2617(a) ("Civil action by employees"). Under this private enforcement provision, an employee may seek damages, 29 U.S.C. § 2617(a)(1)(A), and "such equitable relief as may be appropriate," 29 U.S.C. § 2617(a)(1)(B).

For the purposes of determining federal question jurisdiction under the well-pleaded complaint rule, there are two types of claims that arise under federal law on the face of the complaint. The type involved in this case is by far the more common: If federal law creates the cause of action asserted, district courts have federal question jurisdiction to hear that cause of action.[4] Pinney v. Nokia, Inc. 402 F.3d 430, 442 (4th Cir. 2005). Obviously, FMLA's civil enforcement mechanism, 29 U.S.C. § 2617(a), is a cause of action created by federal law.

---

[4] The second type consists of those claims that trigger federal question jurisdiction because their validity "necessarily depends on resolution of a substantial question of federal law . . . ." Pinney, 402 F.3d at 442 (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988)).

Thus, if the complaint sets forth a § 2617(a) claim, federal question jurisdiction will lie.

Charter argues that two passages from plaintiff's complaint, taken together, invoke a § 2617(a) cause of action under the FMLA. First, Charter points the court to paragraph 9 of the complaint: "Prior to July 17, 2002, the plaintiff did not request Family and Medical Leave Act (FMLA) benefits nor did he request vacation or sick days from the defendant." (Compl. ¶ 9.) Charter also calls attention to this passage from plaintiff's prayer for relief: "That he be awarded reimbursement for medical benefits and reinstate [sic] benefits of the Family and Medical Leave Act." (Compl., ¶ 2 of prayer for relief).

Charter contends that these statements together amount to an assertion of a well-pleaded federal FMLA claim, and the court concurs. Taken together and viewed in the context of the whole complaint, these passages assert Charter violated FMLA law by counting plaintiff's absences from work as FMLA leave time without his request, and that plaintiff is seeking to have these FMLA leave benefits restored. Simply put, the complaint states a FMLA cause of action under 29 U.S.C. § 2617(a). Plaintiff's only argument to the contrary seems to be that he never intended to pursue a federal FMLA claim, and that his previous lawyer, who drafted the complaint in question, included this FMLA language out of sheer incompetence. This has no bearing on the

9

jurisdictional questions at hand. The complaint, on its face, clearly invokes a federal FMLA cause of action. "In cases where federal law creates the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction." <u>Dixon v. Coburg Dairy, Inc.</u>, 369 F.3d 811, 816 (4th Cir. 2004) (quoting <u>Mulcahey v. Columbia Organic Chems. Co.</u>, 29 F.3d 148, 151 (4th Cir. 1994). Plaintiff has alleged a federal FMLA claim, and this court has jurisdiction over it.

### B. Complete Preemption by ERISA[5]

Charter's second ground for removal is that plaintiff's § 23-5A-2 state claim is completely preempted by the Employee Retirement Income Security Act of 1979 ("ERISA"). The Employee Retirement Income Security Act of 1974 ("ERISA") provides a comprehensive system of federal rules that governs the operation of employer-provided benefit plans. <u>See</u> 29 U.S.C. § 1001, *et seq*. As noted above, in the vast majority of cases a complaint must contain a federal claim on its face to create federal question jurisdiction. However, there are a few subject areas in which Congress has intended federal law to provide the exclusive cause of action, so that any claims in these areas which

---

[5] Although this court has already determined that it has federal question jurisdiction over plaintiff's FMLA claim, it also must decide whether his § 23-5A-2 is completely preempted for jurisdictional purposes. If the claim is completely preempted by ERISA, the court must take it as a federal claim that defendant has properly removed, and can then dismiss it as both parties wish. If the claim is not completely preempted, it remains a state law claim that this court cannot decide without exercising supplemental jurisdiction.

10

superficially invoke state law are completely preempted and are instead treated as federal claims. Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 6 (2003). "Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of [the federal statute]." Id. In other words, when Congress has intended a federal statute to provide an exclusive cause of action, "a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. This claim is then removable under 28 U.S.C. § 1441(b), which authorizes any claim that 'arises under' federal law to be removed to federal court." Id., at 7.

Federal ERISA law is one such area of complete preemption. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 66-67 (1987). More specifically, a claim is completely preempted by ERISA if it could have been brought under ERISA's main civil enforcement provision, § 502(a)(1)(B) (codified at 29 U.S.C. § 1132(a)(1)(B)), and "there is no other independent legal duty that is implicated by a defendant's actions." Aetna Health Inc. v. Davila, 542 U.S. 200, 124 S. Ct. 2488, 2496 (2004). Thus, the court must consider the questions of whether plaintiff's W. Va. Code § 23-5A-2 claim could have been brought under ERISA § 502(a)(1)(B), and whether there is an independent legal duty implicated by Charter's alleged wrongdoing.

Section 23-5A-2 of the West Virginia Code prohibits employers from terminating an employee's medical benefits while he or she is seeking or receiving worker's compensation:

> Any employer who has provided any type of medical insurance for an employee or his dependents by paying premiums, in whole or in part, on an individual or group policy shall not cancel, decrease his participation on behalf of the employee or his dependents, or cause coverage provided to be decreased during the entire period for which that employee during the continuance of the employer-employee relationship is claiming or is receiving benefits under this chapter for a temporary disability.

W. Va. Code § 23-5A-2.[6]  A plaintiff can bring suit under ERISA § 502(a)(1)(B) if he was "either (1) wrongfully or illegally denied benefits; (2) terminated to avoid the payment of benefits or (3) terminated to prevent him from obtaining benefits in the future." McCutcheon v. Valley Rich Dairy, 81 F. Supp. 2d 657 (S.D.W. Va. 2000) (Haden, J.).  A claim does not rest on a duty independent of ERISA if "the alleged liability is derived from or dependent upon the existence and administration of an ERISA-regulated benefit plan." Radcliff v. El Paso Corp., --- F.Supp.2d ----, 2005 WL 1693723, *4 (S.D.W. Va. 2005.) (citing Aetna Health Inc. v. Davila, 124 S. Ct. at 2498).

Plaintiff raises no substantial arguments that his claim could not have been brought under ERISA §502(a)(1)(B), or that his claim implicates an independent legal duty.  Plaintiff's

---

[6] The statute provides an exception for employers who terminate benefits without regard to worker's compensation status.  See W. Va. Code § 23-5A-2.

§ 23-5A-2 claim clearly alleges that he was wrongfully denied health benefits under a plan governed by ERISA law. Therefore, plaintiff could have brought his claim under § 502(a)(1)(B). Moreover, plaintiff's claim does not give rise to an independent duty because the liability alleged depends on the existence and administration of an ERISA-regulated health benefits plan. Thus, the court concludes that plaintiff's state law § 23-5A-2 claim is completely preempted by ERISA and gives rise to federal question jurisdiction. Because the court has found that it has jurisdiction over plaintiff's FMLA and ERISA claims, it denies his motion to remand as to these claims.[7]

## II. Dismissal of Plaintiff's Federal Claims

As the court has found that plaintiff's complaint contains federal FMLA and ERISA claims, it proceeds to deal with these claims on the merits. As noted *supra*, Charter has filed a motion to dismiss plaintiff's ERISA claim and his state law negligence claim. Charter's ERISA arguments are entirely without merit. Charter's arguments for dismissing plaintiff's negligence claim depend on this court asserting supplemental jurisdiction over that claim, which the court declines to do *infra*. Thus, Charter's partial motion to dismiss is denied. However, in his reply brief to Charter's "Response to Plaintiff's Untimely Motion

---

[7] For the sake of clarity and efficiency, the court briefly delays its discussion of supplemental jurisdiction until it has dealt with plaintiff's federal claims.

to Remand," plaintiff has made it absolutely clear he does not wish to pursue any federal claims against Charter, and has specifically requested that if the court should find that his complaint contains federal FMLA and ERISA claims (as it just has), that those claims be dismissed. (Pln. Reply, Document 22, p. 7). Charter agrees. (Def. Surreply, Doc. 24, p. 2-3). The court construes Charter's statement of agreement as a request for dismissal under Rule 41(b). The court grants this request, and dismisses plaintiff's FMLA and ERISA claims with prejudice.[8]

### III. Supplemental Jurisdiction

With plaintiff's federal claims disposed of, the court turns to the heart of the dispute before it: Whether plaintiff's state law worker's compensation discrimination claims should remain in federal court, under the rubric of supplemental jurisdiction, or be remanded to state court. Here, the court faces a threshold issue that must be addressed at the outset of its inquiry. Plaintiff argues that his state law claims arise under West Virginia worker's compensation statutory law, and that they must be remanded because Congress has expressly barred removal of such claims. See 28 U.S.C. § 1445(c) ("A civil action in any State

---

[8] Even if the court could not so construe Charter's statements as a Rule 41(b) request, it would conclude that plaintiff has failed to prosecute his federal claims, and would, *sua sponte*, dismiss them with prejudice under its inherent power to manage its docket. See Link v. Wabash R. Co., 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."). However, plaintiff's argument ignores the language of 28 U.S.C. § 1447(c), which requires that any procedural failings in a removal petition, as opposed to defects in subject-matter jurisdiction, must be challenged within 30 days of removal or are considered waived. See 28 U.S.C. § 1447(c). Although the court has made a diligent search, it has not found any published opinion addressing whether the § 1445(c) worker's compensation removal prohibition is a defect in removal procedure or subject-matter jurisdiction. Several of the other circuits, however, have held that the § 1445 prohibition is a procedural defect that is waived in the absence of a timely motion to remand. See Vasquez v. North County Trans. District, 292 F.3d 1049, 1062 (9th Cir. 2002); Phillips v. Ford Motor Co., 83 F.3d 235, 236 n.3 (8th Cir. 1996); Williams v. AC Spark Plugs Div. of General Motors, 985 F.2d 783, 786-87 (5th Cir. 1993). Additionally, Charter directs the court to an unpublished Fourth Circuit case which also holds that the § 1445 removal bar is waived after thirty days. See Wiley v. United Parcel Service, 11 Fed. Appx. 176, 177 (4th Cir. 2001). In light of this authority, the court holds that § 1445(c) prohibition is a procedural defect, and that plaintiff thus waived any right to invoke § 1445(c) to bar

15

removal of his remaining state court claims by not filing his motion to remand within the § 1447(c) thirty-day period.[9]

With this threshold matter dealt with, the court turns to the question of whether it should exercise supplemental jurisdiction. When a district court has concluded that it has original jurisdiction over at least one claim in an action, either by diversity or federal question jurisdiction, it generally also has supplemental jurisdiction over any other claims that are part of the same constitutional "case or controversy." See 28 U.S.C. § 1367(a); See also 13B Wright, Miller, & Cooper, Federal Practice and Procedure, § 3567.3 (2005 supp.) (28 U.S.C. § 1367(a) "gives federal courts supplemental jurisdiction to the limits Article III of the Constitution permits . . . ."). However, in many instances, district courts enjoy considerable discretion in exercising supplemental jurisdiction:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

---

[9] If plaintiff had filed a timely remand motion, this court would need to decide whether § 1445(c) acts as a bar against exercising supplemental jurisdiction over state law worker's compensation claims, or merely serves to prevent federal courts from exercising diversity jurisdiction over them in cases where there is no other basis for federal jurisdiction. However, there is no such need, and the court declines to do so.

>    (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
>    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Because this court has dismissed the FMLA and ERISA claims over which it had federal question jurisdiction, it now has the discretion to exercise or decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims. Id. at § 1367(c)(3). "Recent case law has indicated that trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995). However, this court is not without guidance in making its decision. There are several factors should be taken into account in exercising § 1367(c) discretion, including the convenience of the respective parties, fairness, federal policy interests, federalism concerns, and considerations of judicial economy. Id. (citing Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988); Growth Horizons, Inc. v. Delaware County, 983 F.2d 1277, 1284 (3d Cir. 1993)).

After a thorough consideration of these various factors, the court concludes that plaintiff's remaining claims should be remanded to state court. It is clear that all of plaintiff's state law claims stem from what is fundamentally a state worker's compensation dispute. Although the § 1445(c) prohibition against

17

removing worker's compensation claims does not strictly apply here, if for no other reason than plaintiff's remand motion was untimely as discussed *supra*, the federalism concerns that underlie the statutory prohibition are highly relevant to the instant case.  Section 1445(c) "represents a concern for the states' interest in administering their own worker's compensation laws and limiting the flow of these essentially local disputes into the federal courts."  14C Wright, Miller, & Cooper, <u>Federal Practice and Procedure</u>, § 3729 (3d. ed. 1998 & 2005 supp.). Likewise, significant considerations of federal judicial economy are evident in the enactment of § 1445(c):  Congress found that "[i]n a number of States the workload of the Federal courts has greatly increased because of the removal of workmen's compensation cases from the State courts to the Federal courts." <u>Arthur v. E.I. DuPont de Nemours & Co.</u>, 58 F.3d 121, 124 (4th Cir. 1995).

Charter does not contest that there is a general jurisprudential policy of leaving worker's compensation claims to state courts, nor that plaintiff's remaining state law claims essentially arise under West Virginia's worker's compensation laws.  Instead, Charter argues that considerations of fairness and convenience justify overriding those concerns in this case. (Def. Surreply, Doc. No. 24, p. 3-4).  The court is unpersuaded. Although a remand of the remaining claims would deprive Charter of whatever benefit it sees in deciding this action in federal,

rather than state, court, Charter would merely be put in a similar position to the undoubtably many defendants who are deprived of a federal forum for adjudicating worker's compensation suits by § 1445(c). The court allows that remanding the remaining claims would be mildly inconvenient to Charter, and, more unfortunately, would indirectly vindicate plaintiff's transparent efforts to defeat federal jurisdiction after having presented federal questions in his original complaint. However, this case has progressed only to the beginning of discovery, and as a general rule, cases in which all federal claims have been dismissed before trial should be remanded. See Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988) (Although not an inflexible rule, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). Also, Charter's preparations for litigating plaintiff's state law claims in federal court should be highly transferable to litigating those state law claims in state court. Thus, any concerns of fairness and convenience do not counterbalance the compelling considerations of federalism and federal judicial economy outlined above. The court declines to exercise supplemental jurisdiction over plaintiff's negligence, § 23-5A-1, § 23-5A-3(a), and § 23-5A-3(b) claims, and, as to those claims,

grants his motion to remand to state court. Plaintiff's motion for leave to amend his complaint is denied as moot.

## Conclusion

Because the federal claims in this action have been dismissed and the court declines to exercise supplemental jurisdiction over plaintiff's negligence, § 23-5A-1, § 23-5A-3(a), and § 23-5A-3(b) claims, these remaining claims shall be remanded. Accordingly, plaintiff's motion to remand is **DENIED in part** as to his FMLA and ERISA claims, but is **GRANTED in part** as to his remaining state law claims. Defendant's partial motion to dismiss is **DENIED,** but the court grants defendant's Rule 41(b) motion for dismissal and **DISMISSES** plaintiff's FMLA and ERISA claims **with prejudice**. All remaining claims shall be and are hereby **REMANDED** to state court, and plaintiff's motion for leave to amend is **DENIED as moot**.

The Clerk of the court is directed to remove this matter from the active docket of the court, and is further directed to forward a certified copy of this Memorandum Opinion and Order to counsel of record and to the Circuit Court of Fayette County, West Virginia.

**IT IS SO ORDERED**, this 26th day of August, 2005.

                                              **ENTER:**

                                        David A. Faber
                                        Chief Judge